**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ARTURO S. LOPEZ, | DOCKET NUMBER |
| Appellant, | DA-0752-18-0107-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE, | DATE: May 3, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Raul B. Castorena, Laughlin AFB, Texas, for the appellant.

Charles R. Vaith, Esquire, and Caroline H. Greenfield, Esquire, Randolph AFB, Texas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the administrative judge's analysis concerning the appellant's affirmative defense of reprisal for whistleblowing, we AFFIRM the initial decision.

The agency removed the appellant based on a single charge of Falsification of an Official Government Document in that, on August 10, 2015, he falsely answered "no" to a question on his Official Form (OF) 306 about being fired from a position within the last 5 years. Initial Appeal File (IAF), Tab 6 at 75, 87. The appellant completed his OF-306 using the agency's online e-QIP system, and he alleged that the system locked him out before he was finished and somehow recorded an incorrect answer. Hearing Compact Disc (HCD) (testimony of the appellant); Petition for Review (PFR) File, Tab 1 at 9-11. The administrative judge found that the appellant's testimony was not credible. IAF, Tab 41, Initial Decision (ID) at 9-10. She noted in particular that the OF-306 afforded the appellant the opportunity to provide additional information to several yes/no questions and that he in fact had done so for a question about the employment of his relatives, but not for his own employment history. ID at 9. The appellant has not proffered a sufficiently sound reason to set aside the administrative judge's credibility determinations in this case. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

On review, the appellant contends for the first time that "[t]he issue they have brought up concerning the Form 306 is a . . . lie" because he informed his

second-line supervisor in October or November 2015 that he had been fired from his contractor position. PFR File, Tab 1 at 2, 8. The appellant, who was represented by an attorney at the time, did not raise this claim in his response to the notice of proposed removal, IAF, Tab 6 at 79-81, and he did not raise this claim before the administrative judge. The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

The appellant contended below that the agency violated the collective bargaining agreement when it failed to interview him during its investigation into his misconduct. However, the administrative judge correctly found that the relevant contract provision required the agency to "ascertain all pertinent facts for and against the employee," but did not require an investigatory interview. ID at 15-16; IAF, Tab 6 at 14.

The appellant contended below and continues to argue on review that the agency committed harmful error by failing to serve him with the notice of removal. PFR File, Tab 1 at 4. The appellant stated on his appeal form that he received the decision notice on November 2, 2017, IAF, Tab 1 at 5, a full 3 weeks earlier than he testified. ID at 17. Moreover, the appellant received his notice and filed a timely appeal, so any error was not harmful.

The appellant contends for the first time on review that the agency violated his due process rights when it did not give him notice and an opportunity to respond to the *Douglas*[2] factors that the deciding official considered aggravating. PFR File, Tab 1 at 8. The appellant was on notice that the deciding official completed a *Douglas* factors worksheet at least since the agency submitted its file in this case. IAF, Tab 6 at 22-31. He has not, however, explained why he did not raise this argument below and, therefore, the Board need not consider it. *See Banks*, 4 M.S.P.R. at 271.

---

[2] *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

The appellant contended that the removal action constituted retaliation for his prior equal employment opportunity (EEO) activity and for filing Inspector General (IG) complaints (i.e., for whistleblowing). To establish a claim of retaliation for protected EEO activity, an appellant must show that the prohibited consideration was at least a motivating factor in the personnel action at issue. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 21-22. Here, the administrative judge correctly found that both the proposing and deciding officials were aware of the appellant's relatively recent EEO activity. She also found that they both testified credibly that the appellant's EEO activity did not weigh into their decision to propose and effect the removal action. ID at 14. The appellant made no effort to elicit testimony from either witness that might have shown a retaliatory motive, and he introduced no circumstantial evidence of retaliation. Instead, he relies solely on his supervisors' awareness of his EEO complaint as proof of retaliation. The administrative judge correctly found that the appellant's unsupported claims did not show EEO retaliation.[3]

In whistleblower claims involving an otherwise appealable action, once the agency proves its case, as it has done here, the appellant must show by preponderant evidence that he engaged in protected whistleblowing activity, and that the disclosure or activity was a contributing factor in the agency's personnel action. *Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 39 (2016). If the appellant makes a prima facie case of reprisal for whistleblowing, the burden shifts to the agency to show by clear and convincing evidence that it would have taken the same action absent any protected activity. *Id*.

The appellant engaged in two types of protected activity under 5 U.S.C. § 2302(b)(9)(C). He filed several IG complaints and he filed a complaint with the Office of Special Counsel (OSC). The administrative judge

---

[3] Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that retaliation was a "but-for" cause of the agency's decision. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

found that, assuming that the appellant disclosed information he reasonably believed evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, or a substantial and specific danger to public health or safety, he failed to show that his activity was a contributing factor in the removal action. ID at 12. We find that the administrative judge's reasoning was flawed.

First, the appellant's IG and OSC complaints are protected under 5 U.S.C. § 2302(b)(9)(C). The protection contained in § 2302(b)(9)(C) is for the activity of going to the IG or OSC. *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 11 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MPSB 39. The subject matter of the appellant's complaints need not concern matters protected under § 2302(b)(8) to be protected under § 2302(b)(9)(C). *Special Counsel v. Hathaway*, 49 M.S.P.R. 595, 612 (1991), *recons. denied*, 52 M.S.P.R. 375 (1992), *aff'd*, 981 F.2d 1237 (Fed. Cir. 1992), *abrogation on other grounds recognized by Special Counsel v. Santella*, 65 M.S.P.R. 452 (1994). Thus, the administrative judge's mention of the reasonable belief test and the types of disclosures protected under § 2302(b)(8) was not germane.

Second, the administrative judge found that the deciding official was "unaware of complaints to the Inspector General or Office of Special Counsel, although he knew the appellant had made some complaints about safety." ID at 12. Based on the deciding official's lack of knowledge, she found that the appellant failed to prove contributing factor. However, she later found that the proposing and deciding officials "testified that they knew the appellant had filed Inspector General and EEO complaints." ID at 14. This second statement was incorrect. The deciding official testified that he was not aware of any IG complaints, only of some safety complaints. HCD (testimony of the deciding official). The proposing official testified that he was aware of EEO complaints but not IG or OSC complaints and did not mention safety complaints. HCD (testimony of the proposing official).

In an October 21, 2016 IG complaint, the appellant reported noncompliance with various directives and falsifying aircraft maintenance forms. IAF, Tab 23 at 9. In a January 14, 2017 IG complaint, he reported employees falsely signing off on aircraft maintenance tasks that had not actually been performed. *Id*. at 8. In an October 3, 2017 IG complaint, the appellant alleged that an aircraft being towed crashed into a parked aircraft because management did not properly train employees how to tow aircraft and did not properly supervise the maneuver. *Id*. at 5. In his OSC complaint, he reported that he disclosed, inter alia, aircraft safety air-worthiness, jeopardizing pilot safety, and falsifying maintenance records. *Id*. at 10. The appellant's IG and OSC complaints are protected regardless of their subject matter, and we find that they can fairly be characterized as complaints pertaining to safety, among other things. However, although the record shows that the deciding official was aware that the appellant made safety complaints, there is no evidence that he was aware that the appellant made safety complaints, or any other types of complaints, to either the IG or OSC.

An employee may demonstrate that a disclosure was a contributing factor in a covered personnel action through circumstantial evidence, such as the acting official's knowledge of the disclosure and the timing of the personnel action. *Nasuti v. Department of* State, 120 M.S.P.R. 588, ¶ 7 (2014). An appellant may also satisfy the knowledge prong of the knowledge/timing test by proving that the official taking the action had constructive knowledge of the protected disclosure, even if the official lacked actual knowledge. *Id*. Here, because the protection contained in § 2302(b)(9)(C) is for the activity of going to the IG or OSC, *see Corthell*, 123 M.S.P.R. 417, ¶ 11, and because the appellant has not shown that the deciding official was specifically aware, or had constructive knowledge, of

either the appellant's IG activity or his OSC activity, the appellant has not established contributing factor through the knowledge/timing test.[4]

When, as here, all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 11 (2010). In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised. *Id*. The Board will modify or mitigate an agency-imposed penalty only when it finds the agency failed to weigh the relevant factors or the penalty clearly exceeds the bounds of reasonableness. *Id*.

As noted above, the deciding official testified that he considered the appellant's misconduct to be very serious because it showed that his certification on aircraft maintenance forms could not be relied upon to show that the maintenance had been performed and the aircraft was safe to fly. HCD (testimony of the deciding official). The deciding official also considered that the appellant had, within the previous year, been suspended for 5 days based on charges of failure to observe safety practices (relating to his part in an accident that happened when an aircraft was towed improperly) and disregard of directives. *Id*.; IAF, Tab 6 at 61-64. The disregard of directives charge concerns the appellant's failure to complete aircraft maintenance forms and is therefore similar to some extent to the misconduct for which he was removed.

---

[4] An appellant may also establish contributing factor through other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether these individuals had a desire or motive to retaliate against the appellant. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012). Even considering these other factors set forth in *Dorney*, we find that the appellant has failed to establish contributing factor.

In addition, the deciding official completed a *Douglas* factors worksheet, which he affirmed and adopted as his testimony at the hearing. HCD (testimony of the deciding official); IAF, Tab 6 at 22-32. Therein, the deciding official considered the following mitigating factors: The appellant's 26 months of service and satisfactory performance record and the absence of any notoriety surrounding his misconduct. The penalty of removal is consistent with the agency's table of penalties. IAF, Tab 6 at 56.

The appellant reiterates on review his argument below that the agency should not consider his 5-day suspension as an aggravating factor because he is still litigating it in the EEO process. PFR File, Tab 1 at 3. However, an agency may consider an employee's past disciplinary record when setting a penalty for misconduct, even if it is the subject of ongoing litigation. *U.S. Postal Service v. Gregory*, 534 U.S. 1, 8-10 (2001); *Suggs v. Department of Veterans Affairs*, 113 M.S.P.R. 671, ¶ 11 (2010), *aff'd*, 415 F. App'x. 240 (Fed. Cir. 2011). Further, the suspension meets the *Bolling* criteria. *See Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981) (holding that the Board's review of a prior disciplinary action is limited to determining whether that action is clearly erroneous, if the employee was informed of the action in writing, the action is a matter of record, and the employee was permitted to dispute the charges before a higher level of authority than the one that imposed the discipline). Therefore, the agency properly considered the appellant's prior disciplinary record. We find that the deciding official considered the penalty factors most relevant to this case and that the agency reasonably exercised its management discretion. The appellant has not shown any error in the administrative judge's finding that the removal penalty was within the tolerable limits of reasonableness.

The appellant contends that the administrative judge disallowed his witnesses and evidence, and that this constituted bias. PFR File, Tab 1 at 3. The only witness he identifies is a local law enforcement official who the appellant alleges investigated his IG complaints when the IG failed to take appropriate

action. Whether the appellant's IG reports had any merit or whether their substance concerned anything that would otherwise be protected under 5 U.S.C. § 2302(b)(8) is not relevant in this appeal. Further, the appellant made no proffer about the allegedly disallowed evidence. Therefore, he has not shown that the administrative judge's rulings constituted an abuse of discretion. Because his claim of bias rests solely on the administrative judge's rulings against him, his claim of bias fails. *See Schneider v. Department of Homeland Security*, 98 M.S.P.R. 377, ¶ 7 (2005).

With his petition for review, the appellant submits a number of documents. Some of these are annotated versions of documents that are already in the record. *Compare* PFR File, Tab 1 at 14-15, 17, 20-21, *with* IAF, Tab 6 at 93-94, 103, Tab 25 at 5-6. Evidence that is already a part of the record is not new. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

He also submits what he represents to be a video recording of a local sheriff conducting investigatory interviews of his second- and third-level supervisors. PFR File, Tab 2. The disc is undated and the appellant does not provide a proffer of what relevant evidence the disc may contain. The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

The remaining documents that the appellant submits for the first time on review all pre-date the close of the record below. The appellant has not explained why he could not have submitted them prior to the close of the record below despite his due diligence; thus, the Board need not consider them. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).

**NOTICE OF APPEAL RIGHTS**[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:       *Gina K. Grippando*

                            _____
                            Gina K. Grippando
                            Clerk of the Board

Washington, D.C.